## MINOR,
### *Petitioner,*
*v.*
## DELTA TRUCK LINES AND TRANSPORT INDEMNITY CO.,
### *Respondents.*

(No. 78-2995, CA 14407)

602 P2d 288

Stephen R. Frank, Portland, argued the cause for petitioner. With him on the brief was Tooze, Kerr, Marshall & Shenker, Portland.

Dennis R. VavRosky, Portland, argued the cause for respondents. With him on the brief was Rankin, McMurry, Osburn, Gallagher & VavRosky, Portland.

Before Schwab, Chief Judge, and Tanzer and Campbell, Judges.

TANZER, J.

## TANZER, J.

The issue in this workers' compensation case is whether a claimant who is enrolled and actively engaged in an authorized program of vocational rehabilitation may contest the adequacy of a determination order entered prior to the commencement of rehabilitation. We hold that he may.

On January 20, 1978, the Evaluation Division issued its determination order awarding claimant unscheduled permanent partial disability of 25 percent. Claimant thereafter requested a hearing to contest, among other things, the adequacy of the award. Claimant then enrolled and actively engaged in an authorized vocational rehabilitation program. His request for a hearing was subsequently dismissed by the Workers' Compensation Board on the ground that the award would be redetermined as a matter of course upon the completion or termination of his rehabilitation program. ORS 656.268(5).

In *Leedy v. Knox*, 34 Or App 911, 919-21, 581 P2d 530 (1978), we held that a determination of disability is required for a worker whose condition is medically stationary but who is not yet enrolled in vocational rehabilitation. Claimant was accorded such a determination. The issue here is whether the denial of a worker's request for a hearing on the determination is lawful.[1]

It is understandable that for reasons of administrative economy the Board may prefer to deny hearings pending completion of rehabilitation, but such action is precluded by ORS 656.283(3). That section requires that "[t]he board shall refer the request for hearing to a referee for determination as expeditiously as possible." We find no applicable statutory exception to this requirement of an expeditious hearing, either

---

[1] This case does not present an issue of whether the Board can by rule or order defer hearing until the post-rehabilitation redetermination or until necessary.

[31]

pending redetermination after rehabilitation, or otherwise. Claimant is entitled to his hearing.

Reversed and remanded.